Robert GURLEY, Appellant.

v.

STATE of Indiana, Appellee.

No. 878S181.

Supreme Court of Indiana.

Jan. 24, 1980.

Nile Stanton, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

On February 4, 1975, appellant had been sentenced to life imprisonment for murder. This Court affirmed that conviction in June 1976. See Gurley v. State (1976) 264 Ind. 552, 348 N.E.2d 16. On March 22, 1977, appellant filed his petition for post-conviction relief in the Johnson Circuit Court. Following a hearing on this petition, the trial court denied relief. This is an appeal from that decision.

■ Appellant claims the trial court erred by finding that appellant's allegation that the State intentionally threatened, deceived and prevented his alibi witness from attending the trial was not supported by credible evidence. To support his allegation in the trial court, appellant relied entirely on the deposition of Mrs. Pamela Jean Fry. This deposition clearly shows that the witness had no personal knowledge of anyone from the prosecutor's office intentionally deceiving appellant's potential alibi witnesses or in any manner attempting to prevent them from attending the trial. Mrs. Fry's information on this subject stems solely from a conversation with her husband. He had told her that someone from the prosecutor's office called and told him he did not need to attend the trial. Mrs. Fry's own testimony concerning possible alibi for the appellant was very vague. She merely stated that he was living in Missouri at the time of the alleged offense, but she made no specific attempt to account for his time during the actual time of the murder. Appellant himself indicated that he had had a telephone conversation with Mr. Fry, in which Mr. Fry stated he was not coming to the trial because he had been injured and further that the prosecutor's office and the Indianapolis Police Department had called him and told him that he did not need to come. He testified that that conversation took place immediately before his original trial started.

In a post-conviction relief proceeding the burden of proof rests with the petitioner. The hearing judge has the sole responsibility of weighing the evidence and judging the credibility of the witnesses. We will set aside his decision only upon a showing that the evidence is without conflict and leads unerringly to a result contrary to that reached by the trial court. Cushman v. State (1978) Ind., 378 N.E.2d 643.

In the case at bar the trial judge is well within his province to find that there was no substantial evidence to indicate that believable alibi evidence would be forthcoming in a new trial. The trial judge was also justified in finding that there was no evidence of probative value to establish that anyone from the prosecuting attorney's office or the police department had attempted to interfere with the attendance of appellant's alibi witnesses at the trial.

In addition to the finding by the trial court of a lack of weight of the above evidence, he also had before him the evidence elicited at the original trial, wherein one Henry Cobb, one of the perpetrators of the murder of Donald Stout, had testified in detail concerning the killing of Stout and how the appellant had actually done the shooting in Cobb's presence. A former girlfriend of the appellant, Penny Knipp, testified at the original trial that the day following the murder of Stout she had taken appellant back to Missouri and that during that time she had a conversation with him in which he stated that he had shot Stout twice in the head. With this kind of evidence before him, the trial judge was thoroughly justified in finding that appellant had failed to sustain his burden of proof in establishing grounds for post-conviction relief. Cushman v. State, supra.

■ Appellant next claims the trial court erred in failing to grant him relief relating to alleged improper prosecutorial comment during his original trial. Appellant cites the doctrine of fundamental error to support his position. It is his claim that the conduct of the prosecutor was so blatant,

the trial court had an affirmative duty to correct the situation before submitting the cause to the jury. However, the cases cited by the appellant are direct appeal cases; whereas in the case at bar the direct appeal was had prior to the post-conviction relief sought in this case. In the original appeal there was no mention whatever of the so-called misconduct of the prosecutor, nor was there any objection at the time the so-called misconduct occurred. PC 1, Section 8, reads as follows:

"Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

Appellant makes no attempt whatever to justify the omission of this alleged error from the original appeal. There was no presentation to the trial court nor is there a presentation to this Court to justify such an omission in the original appeal. *Dull v. State* (1978) Ind., 372 N.E.2d 171. We therefore hold the trial court did not err in refusing to grant relief on alleged prosecutorial misconduct during final argument in the original trial.

Appellant next claims the trial court erred in failing to grant post-conviction relief on his allegation that State's witness, Wanda Stout Moran, repeatedly invoked the Fifth Amendment during appellant's original trial, thus prejudicing him in the eyes of the jury. This issue was fully handled by Justice Prentice of this Court in the original appeal. See *Gurley v. State* (1976) 264 Ind. 552, 557, 348 N.E.2d 16, 20. We therefore hold the trial court did not err in refusing relief on this ground.

Appellant finally claims the trial court erred in failing to grant him relief on his post-conviction relief petition based upon the totality of the circumstances in his original trial. In support of his position, appellant cites *Collins v. State (State)* 163 Ind.App. 72, 321 N.E.2d 868. Although totality of the circumstances is a valid principle of law in cases demonstrating an overall lack of justice, such is not the case in the case at bar. Those propositions attempted to be raised by the appellant in his post-conviction relief petition, which could have been but were not raised in his original appeal, are of doubtful merit at best. When one looks at the entire record, which must be done in considering the totality of the circumstances, the record at the original trial abounds with ample, affirmative evidence upon which a jury could clearly establish the guilt of the appellant beyond a reasonable doubt. When examined as a whole, this record falls far short of the criteria laid down in the *Collins* case and the authorities relied upon therein. We therefore hold the trial court did not err in refusing to grant relief on the totality of circumstances.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.