Joseph W. JOHNSON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 180S21.

Supreme Court of Indiana.

July 10, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for post-conviction relief. He was found guilty of kidnapping and assault and battery with intent to gratify sexual desires at a bench trial in April, 1973, and was sentenced to life imprisonment and two to twenty-one years respectively. His direct appeal to this Court resulted in an affirmance. *Johnson v. State*, (1974) 262 Ind. 516, 319 N.E.2d 126. He now raises the issue of the sufficiency of the evidence on the element of force necessary to sustain the charges.

The complaining witness was a young girl who was only eight years old at the time of the incident. She testified that one day while she was playing outside petitioner told her to come with him and when she refused he "drug" her with him. He told her he had a knife and that he would kill her if she cried. Then he picked her up and carried her to a small shack in a weeded area under a railroad embankment where he started to sexually abuse her. A witness saw petitioner carrying the victim into the weeded area and became suspicious. He yelled for petitioner to come out and had his wife call the police.

At the post-conviction relief hearing, defendant put two relatives and a friend on the stand. These three witnesses all testified that they had seen the victim's mother making signs to her during the trial apparently prompting several of her responses during her testimony. One witness stated that the victim's mother was shaking her head "yes" or "no" in communication with her daughter. The witnesses stated that they had told petitioner's attorney about these apparent signals but he didn't do anything about it.

It is petitioner's contention that, considering the age of the victim, the testimony concerning her mother's signals completely destroyed the victim's credibility and that, therefore, there was insufficient evidence to support the element of force as a part of the crimes. We are first constrained to note that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind.R. P.C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Laird v. State, supra; Cottingham v. State*, (1978) Ind., 379 N.E.2d 984; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738.

We do not feel defendant has met his burden of proof in this case. There was an impartial witness at the trial who corroborated the victim's testimony about being carried off. Moreover, much of the victim's testimony concerning the force used against her was not given with yes or no answers but contained several descriptive sentences which would not have been easy to control with "signals." Although defendant's witnesses were not contradicted at the post-conviction hearing, other testimony and circumstances in the case did support the victim's credibility. The testimony of petitioner's witnesses does not necessarily lead to a result different than that reached by the trial court. We find no error in the denial of the post-conviction relief petition.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.