**Larry Lee LINDLEY, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

**No. 880S338.**

Supreme Court of Indiana.

Oct. 7, 1981.

Charles H. Scruggs, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Carolyn M. Brawner, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Larry Lee Lindley, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of second-degree murder and was sentenced to a term of fifteen to twenty-five years in prison. His conviction was affirmed by this Court in *Lindley v. State*, (1978) 268 Ind. 83, 373 N.E.2d 886. He now raises four issues in this petition:

1. Whether the state is denied the defense of waiver on the issues raised by this petition since they only filed an answer in general denial without specifically asserting the defense of waiver;

2. Whether defendant was denied his constitutional right to employ counsel of his own choice and the right to effective assistance of counsel;

3. Whether defendant was denied his right to be free from illegal search and seizure; and

4. Whether defendant was denied due process of law at his original trial due to errors the court made in denying a complete cross-examination of one witness and in giving an erroneous instruction.

A summary of the facts relevant to these issues shows that petitioner was charged and convicted of the murder of Michael Pavlik. Petitioner and two companions had been driving around and drinking beer in petitioner's car late one night. When petitioner saw Pavlik's car stopped by the side of the road, he stopped his car beside it. A fight ensued between Pavlik and petitioner. Eventually petitioner's two companions joined in the fight. They testified that petitioner had a knife and stabbed Pavlik several times. After Pavlik fell to the ground, the three got back into the car and drove off. Petitioner was arrested at his home later that night.

### I.

■ The state filed an answer in general denial to defendant's petition without asserting a defense of waiver. While it is true that the burden to raise the defense of waiver in post-conviction proceedings is normally on the state, a post-conviction court may judicially notice a prior opinion and the fact that certain appealable issues have been waived because they were not properly raised on the direct appeal. *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Winston v. State*, (1978) 267 Ind. 587, 372 N.E.2d 183; *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. In this case, the trial court did hold a hearing on this petition and all the issues were addressed on

their merits. Therefore, no issue as to the defense of waiver is presented to us.

### II.

■ Defendant next argues that he was denied his right to effective assistance of counsel. We first note that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State*, (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738.

■ It is clear that a defendant in a criminal trial has the right to an attorney of his own choice if he is financially able to employ such attorney, and if he is not able to do so, it is the duty of the court to select a competent attorney for him at public expense. Art. 1, § 13, Constitution of Indiana; *Moore v. State*, (1980) Ind., 401 N.E.2d 676; *Fitzgerald v. State*, (1970) 254 Ind. 39, 257 N.E.2d 305; *State v. Minton*, (1955) 234 Ind. 578, 130 N.E.2d 226.

■ In this case, defendant first argues that he was not able to employ counsel of his own choice. We do not agree. The record shows that at the time of the instant crime, defendant was seventeen years of age. His father made all the decisions regarding the hiring of attorneys and also made all the payments to them. Evidence shows that five different attorneys were hired in succession prior to defendant's trial. However, there is no evidence that defendant ever complained to his father or to the court about his counsel or ever requested any particular attorney. There are many instances in the law in which one may waive a particular right by his own conduct and courts are unwilling to reward a liti-

gant for his own misconduct. *Moore v. State, supra; Fitzgerald v. State, supra.* Although defendant was relying upon his father's help during the period prior to trial, that fact does not exempt him from our rules. Defendant has shown us no unusual circumstances which would have prevented him from making his own choice of counsel known to his father. We find no error here.

Defendant further asserts that because his father employed a succession of five different attorneys prior to trial, there was insufficient time for preparation by his final attorney and therefore he was denied effective assistance of counsel. The record shows that the trial attorney entered his appearance in the case on May 24, 1976. The trial was not held until June 28, 1976. Evidence shows that several witnesses and prospective witnesses were interviewed by this attorney prior to trial. Defendant cites the fact that the attorney failed to move for a change of venue from the county as an example of the ineffective assistance he received, but points out no other instances of ineffective representation.

▆▆▆ It has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Rinard v. State, supra; Jones v. State,* (1978) Ind., 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State,* (1979) Ind., 394 N.E.2d 115; *Cottingham v. State, supra.* This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Hollon v. State,* (1980) Ind., 398 N.E.2d 1273; *Smith v. State,* (1979) Ind., 396 N.E.2d 898; *Crisp v. State, supra.*

▆▆▆ In this case, defendant argues that there was so much pretrial publicity that the failure of the attorneys to move for a change of venue from the county amounted to ineffective assistance of counsel. The majority of the fifteen newspaper articles presented in the record appeared at the time the incident occurred which was over six months prior to the trial. All appear to be factual reports, unsensationalized and relatively straight-forward. The fact that the victim was shown to be a hard-working, well-liked and innocent young man does not automatically make the articles inflammatory. It is clear that the granting of a motion for change of venue from the county based on prejudicial pretrial publicity is discretionary with the trial court and the burden is upon the defendant to produce evidence of community bias sufficient to convince the trial judge that he cannot obtain a fair trial in that particular county. *Pallett v. State,* (1978) 269 Ind. 396, 381 N.E.2d 452; *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042. Defendant has not shown in this case that the pretrial publicity was so inflammatory and prejudicial that the failure of the attorney to move for a change of venue from the county amounted to ineffective assistance of counsel or rendered his trial a mockery of justice.

### III.

▆▆▆ Defendant further contends that his constitutional rights under the Fourth and Fourteenth Amendments were violated by his warrantless arrest in his home and the subsequent seizure of certain items later admitted into evidence. It has been clearly established in Indiana that a police officer may arrest an individual without a warrant when the officer has reasonable and probable cause to believe that the person has committed a felony. *Battle v. State,* (1981) Ind., 415 N.E.2d 39; *Smith v. State,* (1979) Ind., 397 N.E.2d 959; *Works v. State,* (1977) 266 Ind. 250, 362 N.E.2d 144. Probable cause exists when at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution and prudence to believe the defendant committed the crime in question. *Gaddis v. State,* (1977) 267 Ind. 100, 368 N.E.2d 244.

In the instant case the police knew that a homicide had been committed in the early morning of November 6, 1975. They had information from an eyewitness to the crime about the general appearance of the perpetrators as well as a description and license plate number of the vehicle in which the perpetrators left the scene of the crime. They were able to locate this vehicle at the home of defendant at approximately 4:30 a. m. on the same morning. Under these circumstances, the police were justified in apprehending the defendant immediately without a warrant rather than waiting until later in the morning to obtain a warrant when defendant would have had an opportunity to flee the jurisdiction. Furthermore, it has been consistently held that a warrantless search is justified incident to a lawful arrest when the area searched is within the arrestee's control. *Royston v. State,* (1979) Ind., 397 N.E.2d 285. In this case, defendant's bloodstained clothes were in plain view in his room where he was arrested. There was no error in the arrest of defendant or the seizure of his clothes.

### IV.

Defendant finally contends that because of the totality of errors which occurred at his original trial he was denied due process of law. At the post-conviction hearing, defendant put on evidence in an attempt to show that one of his companions on the night of the crime, Donald Birlson, had more of a motive and more of an opportunity to kill the victim than he did. Testimony was also given to show that Birlson made a statement to the effect that he and not defendant had actually stabbed the victim. However, Birlson denied ever making this statement. The court found that the evidence defendant presented at this hearing was not sufficiently worthy of credit and probably would not produce a different result at a new trial. *Bryant v. State,* (1979) Ind., 385 N.E.2d 415. The issues of the sufficiency of the evidence, the absence of self-defense, and the limitation of the cross-examination of Birlson were all decided against defendant by this Court on his direct appeal. Defendant has failed to show by a preponderance of the evidence that he was denied due process of law. *Laird v. State, supra.*

Defendant finally contends that the trial court erred in giving its instruction on flight at the original trial, since he was found at home in his own bed a few hours after the crime. We find no error here, since defendant had fled from the scene of the crime and this was sufficient evidence of flight to justify giving the instruction. *Clemons v. State,* (1981) Ind., 424 N.E.2d 113.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.