**Clifton HOLLONQUEST, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1081S287.

Supreme Court of Indiana.

March 12, 1982.

Susan K. Carpenter, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Clifton Hollonquest, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of armed robbery and assault with intent to kill and was sentenced to terms of twenty-three years and two-to-fourteen years respectively. His conviction was affirmed by this Court in *Hollonquest v. State*, (1979) Ind., 398 N.E.2d 655. He now raises two issues in this petition:

1. Whether he was denied the effective assistance of counsel; and

2. Whether he was entitled to the presence of counsel at a pretrial lineup.

A summary of the facts relevant to these issues shows that there was an armed robbery of a filling station attendant in Indianapolis, Indiana, on the evening of May 22, 1977. One customer was in the station at the time of the robbery. At the trial, the attendant positively identified petitioner as the robber. The attendant also testified that he had identified petitioner at a lineup and had selected two photographs of him from an array of thirty photographs. The customer was unable to identify petitioner at the trial. Petitioner unsuccessfully at-

tempted to establish an alibi defense. His mother testified that he was at her house all the day and evening of the crime painting and doing yard work. Following his conviction at the trial, petitioner raised the issues of the alleged suggestiveness of the pretrial identifications and the insufficiency of the evidence. However, the trial court's judgment was affirmed.

At the post-conviction relief hearing, petitioner raised the issue of the inadequacy of counsel based upon the poor presentation of his alibi defense. Three potential witnesses were listed in petitioner's notice of alibi, but the defense counsel called only one witness—petitioner's mother—to testify at the trial. Petitioner testified that he had two attorneys prior to his trial. He stated that the first attorney did not interview any of the alibi witnesses. However, this attorney withdrew three months before the trial at which time he turned over the case file to the second attorney and discussed the case with him. The second attorney interviewed the two eyewitnesses, the two police officers assigned to the case and the three potential alibi witnesses, petitioner's mother, his brother, and his brother's girlfriend.

Petitioner's brother, Gary Hollonquest, testified that he had been working at their mother's house on the day of the crime and was with petitioner until approximately 10:00 p.m. that night. He testified that defense counsel did not allow him to testify because his testimony would only be repetitive of their mother's testimony. The two police officers and the two attorneys also testified at the hearing as to what had occurred during the pretrial and trial of this cause. The trial court subsequently denied post-conviction relief.

## I.

■ Petitioner first argues that he was denied his right to effective assistance of counsel. He claims that his counsel failed to adequately investigate the facts and circumstances surrounding the crime and failed to call all of his alibi witnesses. As the state correctly points out, a post-conviction remedy is not a substitute for a direct appeal, *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. The failure to raise the issue of the inadequacy of his trial counsel in petitioner's direct appeal ordinarily constitutes a waiver of this issue.

■ However, defendant also alleges the inadequacy of his appellate counsel for not properly raising the issues of inadequate counsel and the absence of counsel at the lineup. The trial court did hold a hearing on this petition and the issues were addressed on their merits. We will therefore consider these issues under our standard of review for post-conviction proceedings. It is well settled that the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind. R. P. C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State*, (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984.

■ Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Jones v. State*, (1978) Ind., 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Cottingham v. State, supra*. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273; *Smith v. State*, (1979) Ind., 396 N.E.2d 898; *Crisp v. State, supra*.

In this case, petitioner's trial attorney interviewed petitioner on at least three occasions. He interviewed the two eyewitnesses, the two police officers, and the three potential alibi witnesses. He stated that petitioner's mother told him that petitioner had been at her home on the day and night of the crime. Petitioner's brother, Gary, and Gary's girlfriend also recalled petitioner being at home during the day, but were uncertain as to the evening hours when the crime was committed. The attorney testified that Gary's girlfriend indicated that she might have left the residence before the time in question. As a result of this information and other conflicts in their statements, the attorney determined not to call Gary or his girlfriend as defense witnesses, since he believed the potential detrimental effect outweighed any probative value of their testimony. This decision was clearly within the realm of trial strategy which the reviewing court will not second-guess. The attorney interviewed all relevant witnesses and had an informed basis for making his trial strategy decisions. Petitioner has not shown that he was denied adequate assistance of counsel under these circumstances.

Defendant points to some conflicts in the evidence as to his identification by the customer and the attendant at the filling station as an example of the "weakness" of the state's case and the lack of substantial corroborating evidence. This issue of the sufficiency of the identification evidence was thoroughly discussed and determined on direct appeal. *Hollonquest v. State, supra.* Issues raised and determined on direct appeal cannot be reviewed in a subsequent post-conviction proceeding. *Kennedy v. State*, (1979) Ind., 393 N.E.2d 139; *Frasier v. State*, (1977) 267 Ind. 24, 366 N.E.2d 1166.

## II.

Petitioner also argues that he was entitled to the presence of counsel at the lineup held on June 23, 1977, approximately one month after the crime occurred. However, petitioner was not formally charged with the instant offenses until June 28, 1977. It is well established that an accused is entitled to have counsel present at any lineup which is conducted subsequent to the filing of an information or indictment. *Kirby v. Illinois*, (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; *Hatcher v. State*, (1981) Ind., 414 N.E.2d 561. In the instant case, petitioner had no constitutional right to have counsel present at the lineup, as it was conducted prior to the filing of the charging information.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.