Frank Dewayne HENSON, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1081S301.

Supreme Court of Indiana.

June 17, 1982.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice. ·

The petitioner, Frank Dewayne Henson, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of kidnapping and second-degree murder and was sentenced to terms of life and fifteen to twenty-five years respectively. His conviction was affirmed by this Court in *Henson v. State*, (1976) 265 Ind. 233, 352 N.E.2d 746. He now raises two issues in this petition.

1. Whether he was denied the effective assistance of counsel; and

2. Whether the state's instruction No. 17 was so prejudicial that it denied him due process of law.

A summary of the facts relevant to these issues shows that at petitioner's original trial in 1974, he was convicted of kidnapping and killing his ex-wife. There was testimony from an eyewitness to this murder and also testimony from a witness who told about petitioner's confession and delivery of the murder weapon to him. Petitioner's main defense at trial was that he had been drinking heavily on the day of the crime.

At the post-conviction hearing defendant alleged that he was denied effective assistance of counsel due to his court-appointed attorney's lack of preparation, his failure to communicate a plea bargain offer, his tactical decision to bring out petitioner's prior conviction, and his receiving money in order for petitioner to take a polygraph test. Petitioner's trial attorney testified at length and answered each of these allegations. The trial court found that petitioner had failed to meet his burden of establishing his grounds for relief by a preponderance of the evidence and denied the petition for post-conviction relief.

## I.

Petitioner first contends that he was denied his right to effective assistance of counsel. As the state correctly points out, a post-conviction remedy is not a substitute for a direct appeal. *Hollonquest v. State*, (1982) Ind., 432 N.E.2d 37; *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. The failure to raise the issue of the inadequacy of his trial counsel in petitioner's direct appeal ordinarily constitutes a waiver of this issue. However, the trial court did hold a hearing on this petition and the issue was addressed on its merits. We will therefore consider the issue under our standard of review for post-conviction proceedings.

It is well settled that the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State*, (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984.

Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Jones v. State*, (1978) Ind., 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case; the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Cottingham v. State, supra.* This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273; *Smith v. State*, (1979) Ind., 396 N.E.2d 898; *Crisp v. State, supra.*

In this case, petitioner's trial attorney testified that he interviewed petitioner several times prior to trial and filed several pretrial motions. He filed subpoenas to take depositions of the state's witnesses, attempted to locate certain witnesses, filed to allow for a polygraph examination of petitioner at county expense, and moved to have petitioner examined as to his sanity and competency. He testified that the insanity plea was withdrawn because the medical reports, which were stipulated to, came back negative, and while he could not specifically recall discussing the withdrawal of the plea with petitioner he was sure that he would have. He also testified that he could not specifically recall discussing the possible plea agreement with petitioner but it was his normal practice always to discuss possible plea agreements with his clients as it was the client's decision as to whether or not to proceed toward a plea agreement.

The attorney denied receiving any money from defendant's family to pay for a polygraph test. The record shows that a sum of $50 was paid to a firm which conducted the test and that the rest of the fee for the test was paid by the state. An accused is not constitutionally entitled to expert help at public expense, *Roberts v. State*, (1978) 268 Ind. 127, 373 N.E.2d 1103, and the fact that the state paid all of the fee except for the $50 was an added benefit to petitioner.

The attorney further testified at length about his trial strategy in bringing out petitioner's prior conviction. He stated that he used this tactic where he thought it was important that his client be able to testify in his own defense and that the fact of the prior conviction does not come as a great surprise to the jury. He stated that in this case he particularly wanted to show that the prior conviction was in connection with a fight in which petitioner was trying to defend himself. The attorney specifically brought out at trial petitioner's two possible defenses, the fact that petitioner had been

drinking heavily on the day in question, and his claims that he had simply been a passenger in the car.

The record shows that petitioner's trial attorney was well prepared for the trial and had an informed basis for making his trial strategy decisions. As a reviewing court, we cannot second-guess these decisions. The record does not show that the trial as a whole was a mockery of justice or that defendant was denied adequate legal representation. The post-conviction hearing record contains ample evidence to support the trial court's decision that petitioner was not denied effective assistance of counsel.

## II.

Defendant also contends that the giving of state's instruction No. 17 was fundamental error and denied him due process of law. At the original trial, defendant was found guilty of kidnapping and second-degree murder. The law is well settled that voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be incapable of formulating the requisite intent. *Duffy v. State*, (1981) Ind., 415 N.E.2d 715; *Bates v. State*, (1980) Ind., 409 N.E.2d 623. While second-degree murder is not a specific intent crime, the crime of kidnapping does require proof of the element of specific intent. *Ashbaugh v. State*, (1980) Ind., 400 N.E.2d 767; *Stout v. State*, (1974) 262 Ind. 538, 319 N.E.2d 123.

In this case, the court gave the following instruction to the jury as final instruction No. 17:

"Voluntary intoxication will not excuse crime. If the defendant was voluntarily drunk, it was his own fault, and he cannot claim any immunity by reason of his intoxication. It was his duty to keep sober, and if he voluntarily permitted himself to become intoxicated, and while so intoxicated he committed the crime charged in any form, he is guilty and should be punished precisely the same as though he had been sober. It is not the law that a man may voluntarily become intoxicated and commit crime and escape punishment by reason of such intoxication; on the contrary, it is the law that he cannot use his own voluntary intoxication to escape the consequences of his acts while so intoxicated."

It is clear that this type of instruction has been held to be erroneous in cases which involve specific intent crimes since it substantially withdraws the defense of intoxication from the jury. *Ferrier v. State*, (1977) 266 Ind. 117, 361 N.E.2d 150.

However, in the instant case, there was no objection to this instruction at the trial and the failure to object to instructions ordinarily waives a consideration of that issue. *Raspberry v. State*, (1981) Ind., 417 N.E.2d 913; *Jacks v. State*, (1979) Ind., 394 N.E.2d 166. Petitioner contends that this erroneous instruction so infected the entire trial that the resulting convictions violated due process and therefore is still available for our review. *Henderson v. Kibbe*, (1977) 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203. We do not agree with this contention. Here, the petitioner himself testified at the trial that he was capable of walking, talking and remembering events even when he consumed large amounts of alcohol. There was no evidence presented that petitioner was so intoxicated as to be unable to form the requisite intent since evidence showed that he behaved normally during the car ride, he was able to converse normally, and he was able to recognize the import of his actions afterward. This was sufficient evidence to support the trial court's finding at the post-conviction hearing that the giving of this instruction was harmless error.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.