Harold G. MAJORS, Appellant,

v.

STATE of Indiana, Appellee.

No. 482S154.

Supreme Court of Indiana.

Dec. 6, 1982.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged by way of information with Robbery. He was tried before a jury and found guilty. He was sentenced to a fifteen (15) year term of imprisonment.

Appellant's conviction was affirmed by this Court in *Majors v. State*, (1980) Ind., 410 N.E.2d 1196.

Appellant filed a Verified Petition for Post-Conviction Relief under Ind.P.C.R. 1 on July 10, 1981. A hearing was held on appellant's petition in the trial court on November 3, 1981. On November 23, 1981, the trial court entered Findings of Fact and Conclusions of Law in support of denial of relief. Appellant appeals the denial of relief to this Court.

Appellant claims the trial court erred in determining his representation at trial was effective and adequate.

Before turning to the merits of this argument, it is necessary to consider the State's response. The State contends appellant has waived the issue of effective representation by counsel at trial by failing to raise the issue in his direct appeal. The State cites *Hollonquest v. State*, (1982) Ind., 432 N.E.2d 37, 39, in which we pointed out a post-conviction remedy is not a substitute for a direct appeal and stated: "The failure to raise the issue of the inadequacy of his trial counsel in petitioner's direct appeal ordinarily constitutes a waiver of this issue." *See also, Gurley v. State*, (1980) Ind., 398 N.E.2d 1282; *Riner v. State*, (1979) Ind., 394 N.E.2d 140; Ind.P.C.R. 1, § 1(b).

Pauper counsel Tom Campbell was appointed November 22, 1978, to represent appellant. Attorney Campbell represented appellant at his trial. He also drafted and filed the Motion to Correct Error, filed May 24, 1979. On that same date, attorney Gary Landau was appointed as appellant's pauper counsel on appeal. Following the affirmance of appellant's conviction and the filing of appellant's post-conviction relief petition, the Public Defender of Indiana was appointed to represent appellant pursuant to Ind.P.C.R. 1, § 9.

The State argues under *Hollonquest, supra,* and Ind.P.C.R. 2 appellant could have raised the issue of ineffectiveness of trial counsel by way of a belated motion to correct error filed by attorney Landau. Although such an avenue was available to Landau, it hardly seems equitable to now charge appellant with any failure to so move by Landau and thus forever foreclose appellant from raising the question of the competency of his trial counsel.

As Justice Hunter pointed out in *Hollonquest, supra* one may in turn question the competence of appellate counsel for failure to raise the competence of trial counsel. We therefore will examine the entire question of the representation of appellant in former proceedings.

Appellant contends his trial counsel demonstrated ineffectiveness by failing to object to Preliminary Instruction No. 2. That instruction contained information as to the presumptive sentence provided for by the legislature upon conviction for a Class B felony, with which appellant was charged. The same information, plus information as to the presumptive sentence called for upon conviction of a Class C felony, was on the verdict form provided the jury. Appellant correctly points out we have held it is improper to instruct the jury as to the penalties applicable to an offense. *See, e.g., Smith v. State*, (1982) Ind., 432 N.E.2d 1363; *Morgan v. State*, (1981) Ind., 419 N.E.2d 964. He contends since he was entitled to have such information deleted from the instruction and the verdict from his attorney demonstrated ineffectiveness by failing to so move.

■ There is a strong presumption that counsel is competent, and strong and convincing evidence is required to rebut the presumption. *Lindley v. State,* (1981) Ind., 426 N.E.2d 398. Incompetence of counsel must be judged by the particular facts in each case. The standard of review used is the mockery of justice test as modified by the adequate legal representation standard. *Lindley, supra.* We do not speculate on what may have been the most advantageous strategy in a particular case and hence a petitioner is not entitled to relief due to ineffectiveness of counsel because of isolated poor strategy, bad tactics, or inexperience. *Lindley, supra.*

■ In post-conviction proceedings, the burden of proof rests with the petitioner to prove his right to relief by a preponderance of the evidence. *Lindley, supra;* Ind.P.C.R. 1, § 5.

■ It is not shown by the evidence that the trial attorney failed to object to these errors due to incompetence or ignorance of the law on his part. It was reasonable for the trial court to infer the reason for not objecting to the jury's being apprised of the penalties imposed upon conviction was a strategic move on the attorney's part. We have recognized the evil in providing such information to the jury is that it invites jurors to render a compromise verdict in order to increase or decrease the defendant's sentence, in light of their own concepts of the fairness of the statute as measured against the facts and circumstances surrounding the defendant's alleged criminal act. *Cobb v. State,* (1980) Ind., 412 N.E.2d 728. We are also aware the request for such an instruction to the jury invariably comes from the defendant, not the State. *See, Smith v. State,* (1979) Ind., 396 N.E.2d 898. Given these considerations it is not unreasonable for the trial judge to have concluded appellant's trial counsel did not object to the giving of such information to the jury as a strategic move.

We note the trial attorney was not called in the post-conviction hearing to explain his actions in the trial. We do not speculate on why he was not called. But without evidence in the record as to his reason for not objecting to the instruction and verdict form, appellant's task of proving by a preponderance of the evidence that his trial attorney was incompetent in failing to make the objection is not accomplished.

In sum, appellant has failed to meet his burden of proof. The trial judge did not err in concluding appellant was adequately represented by his attorney at trial.

Appellant claims the post-conviction court erred when it concluded he failed to meet his burden of proof with regard to whether fundamental error occurred when the State failed to disclose a negotiation between it and State's witness Joe Madison. He cites *United States v. Agurs,* (1976) 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342, in support of the contention the State was required to disclose such a negotiation.

Madison was originally charged with Theft in connection with the same incident which led to the robbery charge against appellant. The record reflects the charge against Madison was dismissed on the morning of appellant's trial.

■ However, the record fails to show Madison testified in exchange for a dismissal of the charge against him or that any such negotiation was entered into. When asked at trial if he was testifying because of a "deal" between himself and the State, he replied, "[The State] didn't tell me nothing like that." In the post-conviction hearing (at which Madison did not testify), appellant testified to the best of his knowledge there was no deal between Madison and the State to dismiss the charge against him if he would testify against appellant. We also observe the record reflects the charge was dismissed before Madison was called as a witness. We cannot say the post-conviction court erred in concluding there was no agreement between Madison and the State to dismiss the charge against him in exchange for his testimony against appellant and no negotiations to do so were ever begun.

Appellant claims the trial court erred in denying deputy public defender Melanie

Conour's Motion to be Released from Appointment and for Appointment of Other Counsel. During the hearing on appellant's petition and by letter sent to the post-conviction judge and the Public Defender of Indiana, appellant alleged the deputy public defender who represented him at the hearing, Mr. Darden, did so inadequately. Ms. Conour took over appellant's appeal of the denial of relief when Mr. Darden resigned from the office of the Public Defender of Indiana. On January 5, 1981, Ms. Conour filed the motion to be released from her appointment. That motion was denied on that day, and her Motion to Reconsider was filed January 19 and denied on that day. On January 20, both counsel and petitioner proceeding *pro se* filed motions to correct error regarding denial of post-conviction relief. Both motions were overruled on January 25.

Appellant argues the effect of denial of the motions was "to place the State Public Defender in the untenable position of arguing her own ineffectiveness, prohibited by the Code of Professional Responsibility, or refusing to argue all of Majors' allegations, in direct contravention of *Dixon v. State* [ (1972), 152 Ind.App. 430, 284 N.E.2d 102]."

Ind.P.C.R. 1, § 9(a) provides:

"Upon receiving a copy of the petition, including an affidavit of indigency, from the clerk of the court, the Public Defender *shall* serve as counsel for petitioner, representing him in *all proceedings* under this Rule, *including appeal,* if necessary. Petitioner retains the right to employ his own counsel or to proceed pro se, *but the court is not required to appoint counsel for a petitioner other than the Public Defender.*" (Emphasis added.)

██ Appellant recognizes the foregoing language but asserts this section of Ind.P. C.R. 1 "does not prohibit the court from appointing other counsel when it is clearly necessary to insure the unfettered right to assistance of counsel." The language of the rule clearly forecloses the trial judge from appointing counsel from outside the office of the Public Defender for a petitioner in a post-conviction proceeding. Thus, Ms. Conour was not entitled to be released from her

appointment as counsel for appellant despite his desire to have her argue deputy Darden's ineffectiveness. All the trial judge is permitted to do by the rule is to allow the petitioner to proceed *pro se.*

This result is supported by the decision of the Court of Appeals in *Dixon, supra.* In that case the Court of Appeals held the Public Defender is not entitled to withdraw as counsel for appellant in an appeal from a denial of post-conviction relief because the deputy believed the appeal was frivolous. The Court recognized the mandatory language of Ind.P.C.R. 1, § 9 requires the Public Defender to represent a pauper appellant from the denial of post-conviction relief and recognizes no exception to the rule. We decline to recognize an exception here.

Appellant raises *pro se* the question of whether he is entitled to an instruction on a lesser included offense and was erroneously denied that instruction by the trial court in his original trial. This Court received appellant's *pro se* "Memorandum," in which he attempts to raise and present arguments on this issue on July 2, 1982. The last day on which appellant's brief in support of his appeal from the denial of post-conviction relief could have been filed was June 23, 1982. The State filed a Motion to Strike Appellant's Pro Se Memorandum on July 19, 1982. On August 9, 1982, we issued an order taking the State's motion under advisement.

██ We now grant the State's Motion to Strike Appellant's Pro Se Memorandum. As we have stated, Indiana post-conviction rules require appellant to speak through the Public Defender on appeal from the denial of relief. *Dixon, supra;* Ind.P.C.R. 1, § 9. Though proceeding *pro se* is permitted under the rules, as is true whenever defendants choose to proceed *pro se* they are bound to follow the procedural rules established by this Court the same as a trained attorney. *Johnson v. State,* (1979) Ind., 390 N.E.2d 1005; *Smith v. State,* (1977) 267 Ind. 167, 368 N.E.2d 1154. Appellant's "Memorandum," was filed beyond the deadline date for filing an appellant's brief, as provided for in Ind.R.App.P. 8.1(A). It was unaccompanied by proof of service in con-

travention of Ind.R.App.P. 12(E). It is not in the form of an appellate brief as required by Ind.R.App.P. 8.2 and 8.3. In view of these considerations we cannot consider it to be of any effect at all. Moreover, this issue was available for review in appellant's direct appeal of his conviction and is therefore not available for consideration in the post-conviction proceedings. *Robinson v. State,* (1981) Ind., 424 N.E.2d 119; *Holt v. State,* (1980) Ind., 408 N.E.2d 538.

The trial court is in all things affirmed.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result with separate opinion.

PRENTICE, Justice, concurring.

I concur in the result reached by the majority, but I do not agree that Ind.R.P.C. 1, § 9(a) precludes a trial judge from appointing counsel, other than the Public Defender, to represent an indigent post conviction petitioner, in an appropriate case. What appears to me, is that, absent a clear showing that the Public Defender cannot, or probably would not, adequately represent the petitioner, there is no duty to appoint other counsel. In this case the petitioner's allegations did not state a prima facie case, and the motion was properly overruled, without further inquiry.