**Norman ASKEW, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1084S414.

Supreme Court of Indiana.

Dec. 12, 1986.
Rehearing Denied Feb. 10, 1987.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Murder. Appellant was sentenced to forty (40) years imprisonment. His conviction was affirmed by this Court. *Askew v. State* (1982), Ind., 439 N.E.2d 1350. In August of 1983, appellant filed a petition for post-conviction relief, which after an evidentiary hearing was denied by the trial court.

In his Petition for Post-Conviction Relief, appellant contends he was denied effective assistance of counsel. The State points out that appellant did not raise this question on direct appeal. *See Askew, supra.* However, the State also points out that the same counsel represented appellant at trial and in the appeal; therefore, it is unreasonable to believe that counsel would have raised the question of his own competency in the appeal. We therefore will address ourselves to the merits of this contention. *See Majors v. State* (1982), Ind., 441 N.E.2d 1375.

During the trial, counsel tendered an instruction on voluntary manslaughter which was refused by the trial court on the grounds that there was no evidence to support such an included offense charge. Appellant now claims the fact that there was no evidence to support a charge of volun-

tary manslaughter is an indication of incompetency of counsel. It is appellant's position that counsel should have introduced evidence of his subjective fear of the decedent and evidence of sudden heat which would have reduced the homicide charge to voluntary manslaughter. It is appellant's position that this does not reflect poor strategy on the part of trial counsel, but reflects a total failure to effectuate the strategy he had chosen as demonstrated by his tendered instruction on voluntary manslaughter.

Under the facts of this case, trial counsel would have been hard pressed to establish facts which would justify the instruction on voluntary manslaughter. The facts show that appellant sought out the decedent, drove his car to the curb of the sidewalk on which the decedent was walking, accosted him in broad daylight and with witnesses watching fired a shotgun at close range. As the decedent attempted to flee, appellant fired again, killing the decedent. Appellant then left the scene at high speed.

There is absolutely nothing from the evidence in this case upon which trial counsel could conceivably have based a factual defense of self-defense or sudden heat. The trial judge was correct in refusing the instruction on voluntary manslaughter and trial counsel was powerless to establish any evidence which would justify such an instruction.

In order to reverse a case for ineffective representation, we must find: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Although counsel is charged with vigorous defense of a defendant, it would be unethical for counsel to manufacture evidence or misrepresent the evidence to the judge or jury in the representation of his client. We find no evidence of incompetency of counsel on this issue.

Appellant next claims counsel demonstrated incompetence in that he failed to object to the admission of evidence of other crimes committed by appellant which were not connected to the facts in the instant cause. It is true that generally evidence of criminal activity other than participation in the offense charged is inadmissible on the question of guilt. *Drummond v. State* (1984), Ind., 467 N.E.2d 742. However, evidence of unrelated criminal activity which is competent and relevant to a fact at issue is not inadmissible merely because it tends to show guilt of another crime. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

In the case at bar the State was entitled to establish the motive for the killing. The evidence was that the decedent and appellant were dealing in drugs. Through this dealing they came to a point of disagreement. It was the State's position that appellant's motive for the killing was revenge against the decedent. Under the circumstances, the evidence of appellant's drug dealing was admissible to establish the relationship between the parties which led to the killing. It was only incidental that this relationship also constituted a separate crime. We find no error in counsel's failure to object to such evidence.

The trial court is affirmed.

All Justices concur.