James G. KAPPOS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 64A03–9004–PC–147.

Court of Appeals of Indiana, Third District.

Sept. 11, 1991.

Susan K. Carpenter, Public Defender, Kathleen A. Leseur, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

GARRARD, Judge.

Petitioner-appellant James G. Kappos (Kappos) was convicted by a jury of the

murder by hire of his wife. On January 12, 1982 he was sentenced to 60 years' imprisonment. His conviction was affirmed in *Kappos v. State* (1984), Ind., 465 N.E.2d 1092.

On May 13, 1986 Kappos, by counsel, filed a petition for post-conviction relief. Kappos eventually, by way of amendments to the PCR petition, presented nine issues for the court's consideration. Hearings were had and the petition was denied. Kappos now appeals.

Kappos' brief presents six arguments for our consideration.

   I.  Was Kappos denied fundamental fairness and due process by the court's failure to give a cautionary instruction concerning accomplice testimony.[1]

  II.  Did the prosecuting attorney engage in misconduct by referring to Kappos in his closing argument as a "liar" and "murderer" and did the raising of the issue of Kappos' failure to cooperate deny Kappos his fundamental right to remain silent and right to due process?

 III.  Did Kappos' accomplice, David Hayes, receive a "bounty" for his testimony thereby rendering his testimony inherently unbelievable and inadmissible?

 IV.  Was the charging information defective and a denial of due process of law?

  V.  Was Kappos' sentence disproportionate, excessive, cruel and unusual?

 VI.  Did Kappos receive ineffective assistance of both trial and appellate counsel?

### I.  Jury Instructions

■■■ Kappos alleges that the court's failure to give a cautionary instruction con-

cerning testimony of his accomplice was a denial of fundamental fairness and due process. He would have us rule that failure of a court to *sua sponte* give such an instruction is fundamental error and cause for reversal of his conviction. Any reliance upon the federal case of *U.S. v. McCabe* (7th Cir.1983), 720 F.2d 951, for such a contention is misplaced, by our reading of that case.

Under the two-pronged test described in *McCabe*, the court ascertains whether there was error and then, whether the error was harmful. Under the first prong, the court must be satisfied that the amount of corroborative evidence is sufficient to overcome the inherent unreliability of accomplice testimony. *Id.* at 956. Then, going to the second prong, the court must examine the proceedings in their totality. *Id.* The court then asks if the jury was made aware of the interests of the accomplice. *Id.* Where the trial court gives the usual instruction concerning the credibility of witnesses, the omission of a special instruction on accomplice testimony does not justify reversal. *Id.* at 957, citing *U.S. v. Abrams* (2nd Cir.1970), 427 F.2d 86, 90–91, *cert. denied* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63.

The jury in the case at bar was made aware of Kappos' accomplice's interests. He testified about his plea agreement and the attorneys brought it to the jury's attention. In addition, the court gave Pattern Jury Instruction No. 1.23, Credibility of Witnesses—Weighing the Evidence. If we were to assume that evidence adduced at trial was insufficient to corroborate the accomplice testimony and thereby find error in the absence of a cautionary instruction, the error was harmless under the second prong of this test.

Indiana law is certainly consistent with the federal approach outlined above. The failure to disclose to a jury a plea agreement between the state and an accomplice

---

**1.** Kappos' brief adds to this argument that he was denied fundamental fairness and due process by the court's reading of State's Instruction One. The Indiana Supreme Court has consistently held that a party waives any errors that concern the trial court's instructions when he does not tender his own covered instructions.

*Harden v. State* (1982), Ind., 441 N.E.2d 215, 220. Kappos' argument that State's Instruction One relieved the state of its burden to prove all elements of the offense and shifted the burden to the defendant does not withstand scrutiny when all instructions are read together.

that grants the latter leniency would be reversible error. *Newman v. State* (1975), 263 Ind. 569, 574, 334 N.E.2d 684, 688. The *Newman* holding simply requires the jury have the advantage of disclosure of any agreement. It does not hold that a cautionary instruction must be given. *Morgan v. State* (1981), Ind., 419 N.E.2d 964, 968. In the absence of a request for such an instruction, as in the case at bar, there is no error per se in the mere fact that such an instruction was not given. *Harden v. State* (1982), Ind., 441 N.E.2d 215, 220. The trial court here properly instructed the jury on the credibility of the witnesses and the weighing of the evidence. (R. 111). It would have been improper for the court to give an instruction directed at the credibility of, or weight afforded to, the testimony of a particular witness. *Id.*

## II. Prosecutorial Misconduct

■ Kappos next argues that the prosecutor engaged in misconduct during closing argument by calling Kappos a "liar" and "murderer" and by raising Kappos' failure to cooperate with the police. These statements, he insists, denied him of his right to remain silent and right to due process.

After examining the prosecuting attorney's final argument in its entirety, it is clear that he was not offering an impermissible personal opinion of Kappos. In final arguments it is proper for the attorneys to state and discuss the evidence and reasonable inferences derivable therefrom so long as there is no implication of personal knowledge that is independent of the evidence. *Brumfield v. State* (1982), Ind., 442 N.E.2d 973, 976, citing *Barnes v. State* (1982), Ind., 435 N.E.2d 235, 241. When viewed in the context of the entire closing argument, the allegedly improper remarks do not appear designed to arouse the passions of jurors nor did they put Kappos in a "position of grave peril." *Id.*, citing *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. The evidence at trial clearly indicated that either Kappos was lying or that the numerous other witnesses who gave contradictory testimony were lying.

The prosecutor was simply arguing his interpretation of the evidence, which was proper.

Kappos also argues here that his fundamental right to remain silent was denied when, during his closing argument, the prosecutor alluded to the defendant's lack of cooperation with the police investigation. This is not a case where Kappos did not testify. When Kappos took the stand to testify in his own defense, he was subject to cross examination designed to impeach his credibility just as any other witness. *Beach v. State* (1987), Ind.App., 512 N.E.2d 440, 443, citing *Raffel v. U.S.* (1926), 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054. Kappos' uncooperative conduct occurred during the pre-arrest stages of the investigation of his wife's murder. It was brought out during cross-examination of Kappos without objection. He had given one account of the events and the state was properly allowed to put on rebuttal testimony. Fundamental unfairness would occur when the state induces silence, *i.e.*, the giving of *Miranda* warnings, and then uses that silence against the defendant. *Beach v. State* (1987), Ind.App., 512 N.E.2d 440, 443. Such is not the case here. Because Kappos' silence occurred during pre-arrest investigation, there was no state inducement. Thus, there is no violation of the fifth amendment when pre-arrest "silence" is used to impeach the credibility of a criminal defendant who has elected to testify. *Jenkins v. Anderson* (1980), 447 U.S. 231, 238, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86. 447 U.S. 231, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86.

## III. Bounty Issue

■ Kappos asserts that David Hayes received a "bounty" for his testimony and that this rendered it inherently unreliable and inadmissible. This issue has been waived by the appellant. Errors are waived in the context of post-conviction relief if not assigned at the trial court level or argued upon direct appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1262, citing *Frith v. State* (1983), Ind., 452 N.E.2d 930; *Howland v. State* (1982), Ind., 442 N.E.2d 1081. Additionally, we agree with the lower court that the record does not support such a contention.

### IV. Charging Information

■ Kappos argues that the charging information was defective and as such denied him due process of law under the Indiana Constitution and the United States Constitution. Kappos recognizes that it is well settled in Indiana law that an accomplice may be charged and convicted as a principal. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365, 1368; *Hoskins v. State* (1982), Ind., 441 N.E.2d 419, 425; *Ward v. State* (1982), Ind., 438 N.E.2d 966, 968. Appellant's constitutional challenge rests upon his bald allegation that the law in this area relieves the state of its burden to prove all elements of the offense. We do not agree. The state carried, and will continue to carry, the burden to establish beyond a reasonable doubt all elements of the offense.

### V. Sentence

■ Kappos next argues that his sentence of 60 years is disproportionate, excessive, and cruel and unusual. We will not review a sentence imposed upon a criminal defendant unless it is found to be manifestly unreasonable. Indiana Rules of Procedure, Appellate Rule 17; former Rules For The Appellate Review of Sentences, Rule 2; *Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149. We will reverse only upon a showing of an abuse of discretion by the trial court. Because the trial court's list of aggravating factors for the imposition of the maximum sentence are well supported by the record, we find no abuse of discretion. We find no merit in Kappos' argument that his accomplice, Hayes, was more culpable than he and therefore Kappos' greater sentence was disproportionate.

### VI. Ineffective Assistance of Counsel

■ Kappos alleges that he received ineffective assistance of both trial and appellate counsel. He claims trial counsel was ineffective because he was inexperienced in murder trials; he was unprepared and unfamiliar with the law; he failed to adequately attack the credibility of the state's chief witness; he introduced Kappos' criminal history at trial; he failed to object to the alleged prosecutorial misconduct; and he failed to insure that the instructions given adequately protected Kappos' interests.

The presumption that counsel is competent is rebutted by only strong and convincing evidence. *Lindley v. State* (1981), 426 N.E.2d 398, 401. The standard for review is that of reasonably effective assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Speculation that asks what might have been the most advantageous strategy will not be conducted. Insolated poor strategy, bad tactics, or inexperience will not necessarily establish ineffective counsel. *Henson v. State* (1982), Ind., 436 N.E.2d 79, 81. The decision here can be reversed only when the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Id.*

Trial counsel was inexperienced in murder trials, but that will not establish ineffective counsel. There is no evidence to support the allegation that he was unprepared and unfamiliar with the law. He cross-examined Mr. Hayes and attempted to impeach him on several fronts. The introduction of Kappos' criminal history is viewed as tactical. Because we find no prosecutorial misconduct or error in the instructions, failure to object to these by trial counsel does not rise to the level of ineffectiveness.

Appellate review of effectiveness of appellate counsel's representation uses the same standard as is applied to trial counsel. *Burton v. State* (1983), Ind., 455 N.E.2d 938, 939. Kappos alleges that appellate counsel was ineffective in failing to raise the issues now argued on PCR, especially the ineffective assistance of trial counsel. Having found no errors as to the issues now raised and finding trial counsel not ineffective, we cannot now find appellate counsel ineffective for failing to raise non-errors as issues for appeal.

Affirmed.

HOFFMAN, P.J., and BARTEAU, J., concur.