**Sterling RIGGS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8602 CR 164.

Supreme Court of Indiana.

June 16, 1987.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Sterling Riggs was accused of sexually attacking an Indianapolis nursing home employee while she was on duty. He was convicted after a jury trial of rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.); confinement, a class B felony, Ind.Code § 35–42–3–3 (Burns 1985 Repl.); attempted deviate sexual conduct, a class A felony, Ind.Code §§ 35–42–4–2, 35–41–5–1 (Burns 1985 Repl.); and two counts of deviate sexual conduct, both class A felonies, Ind.Code § 35–42–4–2 (Burns 1985 Repl.). He was sentenced to concurrent terms of 10 years for confinement and 30 years for each of the other four charges.

In this direct appeal, Riggs raises two issues:

1) Whether the evidence was sufficient to identify him as the perpetrator, and

2) Whether his convictions for five distinct crimes arising from one course of conduct constitute double jeopardy.

The evidence shows that a man matching Riggs description entered the nursing home about 4:40 a.m. on April 24, 1985. B.R., the victim, discovered the intruder and yelled for help. The man grabbed B.R., held a knife to her back, and ordered her to move outside to vacant property nearby. After forcing B.R. to remove her clothing, including her white pantyhose, the assailant raped and sodomized her. Afterward, the attacker walked away, taking the victim's pantyhose with him. B.R. collected her remaining clothing and walked back to the nursing home.

She was met by police; they had been summoned by another nursing home employee who heard B.R.'s initial cries for help. The officers immediately broadcast B.R.'s description of her assailant. An officer patrolling the area discovered Riggs walking nearby and noted that Riggs matched the description of the rapist. Riggs ignored police requests to stop; he appeared to reach into his shirt and throw something to the ground. Police recovered

a pair of white pantyhose from that site and discovered that Riggs was carrying a large kitchen knife under his shirt.

Although B.R. could not identify Riggs as her attacker from a photographic array, she identified him during a pre-trial line-up and at trial. She also identified the pantyhose which Riggs apparently had been carrying and testified that the knife confiscated from Riggs was similar to that used by her attacker.

## I. Sufficiency of the Evidence

■ Riggs claims the evidence was inadequate to prove beyond a reasonable doubt that he was the perpetrator of the crimes. Riggs alleges that the victim's view of her assailant was brief and poorly lighted. He further claims that her testimony was uncorroborated and fully contradicted. Implicit in his argument is a request that this Court reweigh the evidence and judge the credibility of witnesses, a task inappropriate for appellate review of a sufficiency claim. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. In such cases, we review only the evidence most favorable to the verdict, and the reasonable inferences therefrom, to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id.* Despite Riggs's claims to the contrary, the uncorroborated testimony of a sex crime victim alone is sufficient to support a conviction. *Taylor v. State* (1986), Ind., 496 N.E.2d 561.

■ The evidence most favorable to the verdict shows that the victim had several opportunities in good lighting to see her attacker and the knife. The victim was able to describe him to the police in great detail. Riggs, who matched the description perfectly, was discovered shortly after the attack in an area within walking distance of the nursing home. He carried a knife and the victim's pantyhose. When confronted by police, he discarded the hose and attempted to flee. The victim identified Riggs unequivocally during a pre-trial line-up and at trial.

In support of his argument that the evidence was insufficient to support the convictions, Riggs cites testimony suggesting that the hose could have belonged to a neighborhood woman and claims that police confiscated it from a garbage can outside her home. Riggs also points to the few minor discrepancies which arose between the victim's testimony and that of the investigating officers. He suggests that the victim's identification of Riggs was inadequate because no voice identification was made during the lineup. It was the duty of the jury to resolve such evidentiary conflicts. Of course, voice identifications are not required, although they may be sufficient to support a conviction. *See Gillie v. State* (1984), Ind., 465 N.E.2d 1380. The evidence amply supported the jury's determination that Riggs was guilty.

## II. Multiple Convictions

Riggs contends that he could not legally be convicted of two counts of deviate sexual conduct and one count of attempted deviate sexual conduct arising from the same incident. He claims three convictions for one act amounts to double jeopardy.

■ The argument is meritless. A defendant may be charged with multiple acts of rape or deviate sexual conduct committed upon the same victim when each act requires proof of a specific fact which the others do not. *Brown v. State* (1984), Ind., 459 N.E.2d 376. Each specific act of deviate sexual conduct must involve "a sex organ of one person and the mouth or anus of another person" or "the penetration of the sex organ or anus of a person by an object." Ind.Code § 35–41–1–9 (Burns 1985 Repl.).

■ The three charges of which Riggs complains arose from three distinct acts: first, an attempt to place his penis in the victim's anus; second, his placing of his finger in her anus; and third, oral sex. Although each of the acts occurred during one thirty-minute attack, the separate charges were legal and appropriate. "We do not approve any principle which exempts one from prosecution from all the crimes he commits because he sees fit to com-

pound or multiply them. Such a principle would encourage the compounding and viciousness of the criminal acts." *Brown,* 459 N.E.2d at 378 (citations omitted). Multiple convictions are the burden a defendant bears when he engages in multiple criminal acts.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNRIK and DICKSON, JJ., concur.