**Ronnie JONES, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–9502–PC–84.

Court of Appeals of Indiana.

Oct. 13, 1995.

Transfer Denied Dec. 7, 1995.

Susan K. Carpenter, Public Defender of Indiana, Anne–Marie Alward, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

FRIEDLANDER, Judge.

Ronnie Jones appeals the denial of his petition for post-conviction relief.

We affirm.

The facts are that on October 1, 1986, Maurice Jackson noticed a man knocking on his neighbor's door. Jackson knew that his neighbor was not at home and observed the man walk to the side of the house. The man did not return, and Jackson asked his wife to call the police. When police arrived, they found Jones attempting to climb a fence attached to the house. The police searched Jones, and found a knife, a wrench, and jewelry. Jones also held women's hosiery in his hand.

The State charged Jones with burglary, theft and being an habitual offender. A jury found Jones guilty of burglary and theft. The jury was unable to reach a decision as to the habitual offender count, and the court declared a mistrial. A subsequent jury found Jones to be an habitual offender. The court sentenced Jones to forty years of imprisonment. On direct appeal, our Supreme Court affirmed the convictions and the sentence. On February 7, 1990, Jones petitioned for post-conviction relief, claiming that he was denied effective assistance of trial and appellate counsel, the trial court engaged in improper ex parte communications with the jury, the trial court erred in not permitting the jury to view certain exhibits after deliberations had commenced, the trial court failed to define the essential elements of "breaking and entering" upon the jury's request, and the court failed to issue instructions, sua sponte, regarding the habitual offender charge. In denying Jones's petition, the post-conviction court entered the following Findings of Fact and Conclusions of Law:

### "FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Indiana Rules of Procedure, Rule PC–1(6), the Court now enters its Findings of Fact and Conclusions of Law herein.

### FINDINGS OF FACT

1. The petitioner was convicted at trial of burglary and theft, and was found to be an habitual offender. He was sentenced to twenty two (22) years' [sic] imprisonment, and appealed.

2. On February 7, 1990 the petitioner filed a petition for post-conviction relief, which was answered by the State of Indiana on February 21, 1990. The petition was later amended.

3. On October 6, 1994 the Court conducted a hearing on the petition, at which it heard testimony from Christopher Zoeller and the petitioner. Additionally, the Court received in evidence the Record of Proceedings from the petitioner's appeal, an affidavit from Howard Howe, and copies of certain Order Book entries. The Court also took Judicial Notice of its file in this cause. [F]rom the evidence considered, the Court finds:

A. At the time of trial herein, Jay B. Haggerty was appointed Judge Pro tempore.

B. At the time of trial, the petitioner was represented by attorney Christopher Zoeller.

C. On appeal, the petitioner was represented by attorney Howard Howe.

D. The petitioner's direct appeal resulted in affirmance of this Court's judgment of conviction.

E. This Court's records indicate that during deliberations, the jury sent three questions to the Court.

### CONCLUSIONS OF LAW

1. Because petitioner was convicted at trial and appealed, and because the State has asserted defenses of *res judicata* and waiver, this Court is precluded from addressing any issues previously decided, or any issues available to the petitioner on appeal but not raised therein. The Court concludes that of the issues presented in the instant petition, only one was not available to him on appeal, to wit: the allegation that appellate counsel was ineffective. The petitioner appears to argue that appellate counsel was ineffective in allowing certain trial-level issues to be waived. [T]hus, this court must make a preliminary determination regarding appellate counsel's effectiveness, and can only address the otherwise-waived issues if it first finds that appellate counsel was ineffective.

2. The petitioner was *not* denied the effective assistance of appellate counsel. [T]he evidence in this cause demonstrates that counsel prepared and filed the record of Proceedings, and researched, wrote and filed the Brief of Appellant. [T]he Court cannot conclude that counsel was ineffective, merely because the appeal was not successful. The petitioner contends that counsel should have pursued a claim that the trial court improperly communicated with the jury. However, this Court concludes that the answers provided to the jury—even if provided without discussion with counsel for the parties—caused the petitioner no prejudice. At most, the court's answers simply provided the jury with the court's instructions. Inasmuch as no particular instruction or item of evidence was emphasized, the Court concludes that the petitioner was not harmed.

3. The Court concludes that there is no merit to the petitioner's claim that the judge lacked authority to act in this cause. The evidence shows that Jay B. [H]aggerty was appointed Judge Pro Tempore on the date of trial. Under Indiana caselaw, such appointment is sufficient, and it is *not* necessary to reappoint the judge for successive days of trial, or for the date of sentencing. See *Billingsley v. State* (1994) Ind.App., Cause No. 49A029305CR00243 [638 N.E.2d 1340] decided August 29, 1994. In *Billingsley*, the Second District of the Court of Appeals of Indiana specifically rejected the rule announced in *Boushehry v. State* (1993) Ind.App., 622 NE2d 212, the case relied upon herein by the petitioner. Additionally, it has long been the law in Indiana that absent an objection to a judge's exercise of authority, at the time said judge acts, the issue is waived. *Harris v. State* (1993) 616 NE2d 25; *Skipper v. State* (1988) 525 NE2d 334; *Survance v. State* (1984) 465 NE2d 1076.

4. The law is with the State and is against the petitioner.

It is ... therefore Ordered, Adjudged and Decreed by the Court that the petition for post-conviction relief is hereby DENIED." *Record* at 123–126.

Jones appeals the post-conviction court's decision and presents one issue:

Did appellate counsel's failure to argue that improper communications took place between the trial judge and jury constitute ineffective assistance of counsel?

Post-conviction relief proceedings are civil in nature. *McBride v. State* (1992), Ind.App., 595 N.E.2d 260, *trans. denied.* The rules of post-conviction relief require a petitioner to establish the grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure, Post–Conviction Rule 1 § 5; *Lockert v. State* (1994), Ind.App., 627 N.E.2d 1350. When reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Weatherford v. State* (1993), Ind., 619 N.E.2d 915. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.* The post-conviction relief process is not a substitute for direct appeal, but is a process for raising issues not known at the time of the original trial or for some reason unavailable to the defendant at that time. *Wallace v. State* (1990), Ind., 553 N.E.2d 456, *cert. denied,* 500 U.S. 948, 111 S.Ct. 2250, 114 L.Ed.2d 491. A post-conviction defendant claiming ineffective assistance of appellate counsel has the burden of showing deficient performance by counsel and resulting prejudice so serious as to deprive him of an effective appeal. *Lockert, supra; Ingram v. State* (1987), Ind., 508 N.E.2d 805. A petitioner claiming ineffective assistance of counsel must overcome, with strong and convincing evidence, the presumption that counsel is competent. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370.

Jones contends his appellate counsel was inadequate for failing to argue that the trial judge engaged in improper ex parte communications with the jury. The jury began deliberating at 12:05 p.m. At 1:00 p.m., the jury sent a note requesting the judge to provide them with "all pictures entered into [S]tate's evidence", the women's hosiery and the knife. *Record* at 74. The court responded "No". *Record* at 74. Forty-five minutes later, the jury sent a note stating "We would like a list of the 4 qualifications we must be

sure of to vote guilty of Burglary Count I." *Record* at 74. In response, the court provided the jury with the Court's Written Preliminary Instructions No.'s 1 through 22 and the Court's Written Final Instructions No.'s 23 through 42. In its third and final communication, the jury sent a note stating "1. We want a legal interpretation of 1) broke and entere[d] in Charge I[,] 2. Does the door have to be locked?" *Record* at 74. The court replied "You have all the instructions." *Record* at 74.

A criminal defendant has the right to be present at all stages of a criminal proceeding which require the presence of the jury. *Jewell v. State* (1993), Ind.App., 624 N.E.2d 38. Communications between the judge and jury in defendant's absence are forbidden, but such communications do not constitute per se grounds for reversal. An inference of prejudice arises from an ex parte communication and this inference creates a rebuttable presumption that error has been committed. Rebuttal of the inference deems the error harmless. To determine whether the court's communication to the jury is improper, we evaluate the nature of the communication and the effect it might have had upon a fair determination. *Id.* (citing *Marsillett v. State* (1986), Ind., 495 N.E.2d 699). Jury requests for information during deliberations are addressed at Ind. Code 34–1–21–6, which states:

"After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

Jury requests to review exhibits are not within the scope of IC 34–1–21–6. Jones argues that had he been advised of the jury's first note, he could have ascertained whether the jury members disagreed about testimony surrounding the exhibits. The jury's note, in plain language, asked for all pictures, the women's hosiery and the knife. The request does not indicate that there was any disagreement as to the testimony relating to the exhibits. Although the judge's response to the note creates a rebuttable presumption that error was committed, we conclude that there was no effect upon the jury's ability to come to a fair determination in the case. When a trial judge responds to a jury question by denying the jury's request, any inference of prejudice is rebutted and the error is deemed harmless. *Morrison v. State* (1993), Ind.App., 609 N.E.2d 1155.

The jury's second and third messages include requests for the interpretation of law and are therefore within the scope of IC 34–1–21–6. Jones contends that the court's actions in sending instructions into the jury room without notifying the parties constitutes reversible error. When a jury seeks guidance as to a point of law, the proper procedure is for the court to call the jury into open court in the presence of the parties and their counsel, if they desire to be there, and to reread all instructions given prior to their deliberations, without emphasis on any of them and without further comment. *Clark v. State* (1992), Ind.App., 597 N.E.2d 4; *see also Harrison v. State* (1991), Ind.App., 575 N.E.2d 642. A court's failure to comply with this procedure is reversible error only upon a showing of prejudice. *Clark, supra.*

Jones has failed to show that he was prejudiced by the court's actions. The jury was provided with a copy of each instruction that had been read in court before deliberations. *Id.* The instructions were cleansed of all extraneous information. *See Jewell, supra.* We concluded in *Harrison, supra*, that the State may rebut the presumption of harm arising from improper communications by satisfying a post-conviction court that the jury was provided a written copy of the entire body of final instructions that the trial court had read to the jury. In the present case, the trial court responded to the jury's first request for a legal interpretation by providing the instructions. The court once again directed the jury to the instructions following the jury's second request. No harm resulted from the court's communications with the jury outside Jones's presence.

Judgment affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs in result.