Timothy JOHNSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9605–PC–170.

Court of Appeals of Indiana.

Nov. 26, 1996.

Rehearing Denied Feb. 5, 1997.

Transfer Denied March 26, 1997.

Susan K. Carpenter, Public Defender, Ruth Johnson, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Timothy Johnson ("Johnson") appeals the denial of his petition for post-conviction relief, claiming that the post-conviction relief court erred by finding that his right to be present at all critical stages had not been

violated and that his attorney did not render ineffective assistance at trial and on his direct appeal. We affirm.

## FACTS

On March 16, 1988, Johnson was convicted by a jury of Burglary as a Class A felony[1], Confinement as a Class C felony[2], and three counts of Child Molesting as a Class A felony[3]. Johnson was sentenced to a total sentence of thirty years on April 14, 1988. These convictions stem from Johnson's burglary of an acquaintance's apartment and the multiple rapes of the acquaintance's ten year old daughter. Johnson's convictions were affirmed on direct appeal by the supreme court.[4]

On February 16, 1993, Johnson filed a petition for post-conviction relief claiming that he was denied his right to be present at all critical stages of the proceedings and ineffective assistance of counsel. Both claims stem from an *ex parte* communication between the trial court judge and the jury during the jury's deliberations. The trial judge described the communication for the record as:

The court is informed the jury has arrived at its verdict, but before we bring the jury in, they did send a couple of questions to the court which I want to read into the record: At 12:25 p.m. they sent the following multiple questions: "Did Marcus Wilson give times to the police when he called them on September 19, '87 at approximately 4:30 p.m., what were they (the times)? Did Tim talk to Marcus prior to 4:30 p.m.?" My answer to that question was, "You have heard all of the evidence and I can't answer your questions." At 12:30, five minutes later, they sent the following question: "Detective's report of September 19, of Marcus Wilson interview?" Again, I told them that they heard all of the evidence and I couldn't comment upon it. Are there any objections to the answer?

Mr. Gevers: No, Sir.

Mr. Levendoski: No, Your Honor.

(Trial Record 350–51).

Johnson claimed that the trial court erred by responding to the jury's request outside the presence of the parties or their counsel, thus denying him the right to be present at all critical stages of the proceeding. Johnson also claimed that his counsel rendered ineffective assistance by failing to object once the judge informed him of the communication and by failing to raise the issue of ineffective assistance on direct appeal. On January 29, 1996, the post-conviction court denied Johnson's petition for post-conviction relief. The present appeal ensued.

## ISSUES

I. Whether the post-conviction court was correct in finding the trial court's *ex parte* communication with the jury was not reversible error.

II. Whether Johnson was denied effective assistance of counsel.

## DISCUSSION

 On his appeal of the post-conviction court's decision, Johnson carries the burden of proving his claims by a preponderance of the evidence. *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied.* We will consider only the probative evidence and reasonable inferences supporting the judgment and will not weigh the evidence or assess the credibility of the witnesses. *Wickliffe v. State,* 523 N.E.2d 1385, 1386 (Ind.1988). We will reverse the post-conviction court's judgment only if the evidence points unerringly to a conclusion opposite to the conclusion reached by the post-conviction court. *Weatherford,* 619 N.E.2d at 917.

### I. *Ex Parte* Communication

 Johnson claims that his right to be present at all critical stages of the proceeding[5] was violated when the trial court responded to the jury's inquiries outside his

1. I.C. § 35–43–2–1.

2. I.C. § 35–42–3–3.

3. I.C. § 35–42–4–3.

4. *Johnson v. State,* 543 N.E.2d 358 (Ind.1989).

5. U.S. Const. amend. VI; Ind. Const. art. 1, § 13.

**183**

presence. Johnson first argues that the trial court was required by Ind.Code § 34–1–21–6 to have both parties present before responding to the jury's questions. I.C. § 34–1–21–6 states:

> After the jury have [sic] retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

■ This statute only requires the trial court to respond to the jury's inquiries if the jury shows some disagreement about the testimony or requests clarification about a legal issue. *Grayson v. State*, 593 N.E.2d 1200, 1206 (Ind.Ct.App.1992). The jury request in the present case did not manifest any disagreement; instead, the jurors simply asked to review some of the testimony they had already heard. Because the jury did not manifest any disagreement about the testimony or ask for clarification of a legal issue, I.C. § 34–1–21–6 was inapplicable and, thus, not controlling.

Johnson next argues that under *Brownlee v. State*, 555 N.E.2d 505 (Ind.Ct.App.1990) the trial court was required to have both parties present before responding to the jury's request. The State argues that even though the trial court did not follow the proper procedure in responding to the jury's request, any error was harmless because the trial court simply denied the jury's request to review testimony. We agree.

■ "When jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of his proposed response to the jury." *Grey v. State*, 553 N.E.2d 1196, 1198 (Ind.1990), *reh'g denied.* When a court makes an *ex parte* communication with a jury, an inference of prejudice arises, creating a rebuttable presumption that error has been committed. *Id. Ex parte* communications between judge and jury are not *per se* grounds for reversal, however.

*Id.* at 1198–99. "When the trial judge merely responds to a jury question by denying their request, any inference of prejudice is rebutted and any error is deemed harmless." *Id.* at 1199.

Johnson claims that under *Brownlee*, a trial court's denial of a jury's request is harmless error only when the defendant's counsel is present in court when the jury's request is made. In *Brownlee*, the court noted that *Marsillett v. State*, 495 N.E.2d 699 (Ind.1986) held the denial of a jury's request outside the presence of the parties was harmless error, but distinguished *Marsillett* nonetheless, based upon the presence in court of Marsillett's attorney when the jury made its request. The court in *Brownlee* held that the trial court's denial of the jury's request was reversible error because neither the parties nor their attorneys were present in court when the jury request was made. *Brownlee*, 555 N.E.2d at 508. The State argues that a trial court's denial of a jury's request is harmless error even when the parties' attorneys are not present in court. Once again, we agree.

■ In *Kiner v. State*, 643 N.E.2d 950 (Ind.Ct.App.1994), *reh'g denied*, we dealt with the same issue as presented here. Like Johnson, Kiner relied on *Brownlee* for the proposition that a trial court's *ex parte* communication with the jury was reversible error when his counsel was not present in court at the time of the jury request. We noted that "[i]n additional cases, the supreme court has applied the harmless error rule upon refusal of a jury's request *without discussing* whether the defendant's counsel was present." *Kiner*, 643 N.E.2d at 956 (emphasis added). We went on to hold that supreme court precedent indicated that the denial of a jury's request renders any error harmless, and that *Brownlee* was not applicable. *Id.* at 957. The harmless error rule applies to trial courts' *ex parte* denials of jury requests, regardless of whether counsel is present or not. *Moffatt v. State*, 542 N.E.2d 971, 975 (Ind.1989). We hold that *Brownlee* is not applicable to the present appeal and that a trial court's denial of a jury request is harmless error even when the parties or their

counsel are not present. *See Grey v. State,* 553 N.E.2d 1196 (Ind.1990), *reh'g denied.* Where, as here, the jury sends out a question to which the court's obvious response is that the request must be denied, it is impractical and unnecessary to locate counsel and await their return to the courtroom before transmitting that denial to the jury. Because the trial judge's denial of the jury's request was harmless error, the post-conviction court was correct in determining that the trial court's communication with the jury did not constitute reversible error.

## II. Ineffective Assistance of Counsel

 Johnson claims that his attorney rendered ineffective assistance of counsel by failing to object to the trial court's *ex parte* communication with the jury and for failing to raise an ineffective assistance of counsel claim on direct appeal. The State initially argues that Johnson waived this issue because he did not raise it on his direct appeal. *See Thomas v. State,* 640 N.E.2d 772 (Ind.Ct. App.1994), *trans. denied.* Johnson was represented in his criminal trial and his direct appeal by the same attorney. It would, therefore, be unreasonable to believe that Johnson's counsel would raise his own incompetency as an issue. *Askew v. State,* 500 N.E.2d 1219, 1220 (Ind.1986), *reh'g denied.* Like the supreme court in *Askew,* "[w]e therefore will address ourselves to the merits of this contention." *Id.*

To succeed on his ineffective assistance of counsel claim, Johnson must show that "1) his counsel's performance fell below an objective standard of reasonableness; and 2) but for counsel's deficient performance the result of the proceedings would have been different." *Fugate v. State,* 608 N.E.2d 1370, 1372 (Ind.1993). We presume that counsel is competent and Johnson must rebut this presumption by strong and convincing evidence in order to succeed. *Id.* We apply the same standard of review for appellate counsel as we do for trial counsel. *Mato v. State,* 478 N.E.2d 57, 62 (Ind.1985).

Johnson's ineffective assistance of trial counsel claim is based on his counsel's failure to object to the trial court's *ex parte* communication with the jury. As we dis-

cussed above, this *ex parte* communication was harmless error. Because we have found that the trial judge's communication was harmless error, even if Johnson's counsel had objected to the communication, the result of the trial would not have been different. Johnson fails the second prong of the ineffective assistance of counsel test because the result of his trial would not have been different had his trial counsel objected to the *ex parte* communication. *Fugate v. State,* 608 N.E.2d 1370 (Ind.1993).

Finally, Johnson argues that his counsel was ineffective on the appellate level for failing to raise ineffective assistance of counsel as an issue on direct appeal. As discussed above, Johnson's ineffective assistance of trial counsel claim would not have succeeded. Appellate counsel is not ineffective for failing to raise an issue on appeal that would not have succeeded. *Lyons v. State,* 600 N.E.2d 560, 567 (Ind.Ct.App.1992), *reh'g denied.* Because Johnson's ineffective assistance of counsel claim would not have succeeded on appeal, Johnson's appellate counsel did not render ineffective assistance of counsel. The postconviction court was correct in denying Johnson's petition for post-conviction relief.

Affirmed.

HOFFMAN and ROBERTSON, JJ., concur.