**James R. ANGLIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9604–PC–250.**

Court of Appeals of Indiana.

June 9, 1997.

Rehearing Denied July 17, 1997.

Transfer Denied Oct. 1, 1997.

884

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Suzann Weber–Lupton, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SULLIVAN, Judge.

Appellant James R. Anglin (Anglin) appeals the denial of his petition for postconviction relief asserting that the trial judge's responses to certain jury questions during deliberations constituted prejudicial error.

We affirm.

Because we affirm the post-conviction court's determination that the error, if any, was harmless, we need not address Anglin's assertions that he was denied effective assistance of appellate counsel.

During the habitual offender phase of Anglin's original trial, the jury sent two notes to the trial judge during deliberations. The first read: "What is the definition of a Commitment paper." The judge responded: "you have heard all the evidence. PJG." The second note read: "Would like to see the evidence presented by the State—12 & 13 referring to 'Commitment' paper." To which the court responded: "The Ct. does not send the evidence to the jury room. PJG." Record at 78. The trial court did not return Anglin or his counsel to court, reread the final instructions or supply the jury with the requested exhibits. The record does not reflect whether Anglin was aware that the jury had sent these notes to the judge. Anglin asserts that the court's responses to these notes were prejudicial error.

Anglin's contention is that the trial judge was required to conduct the jury in to court in the presence of the parties by I.C. 34-1-21-6:

> After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

I.C. 34-1-21-6 (Burns Code Ed. Repl.1986).

■ It is clear that the trial court failed to follow the proper procedure in responding to the jury's notes.[1] "When jurors request guidance from the court during deliberations, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the judge should inform the parties of his proposed response." *Madden v. State* (1995) Ind.App., 656 N.E.2d 524, 526, *trans. denied* (citing *Marsillett v. State* (1986) Ind., 495 N.E.2d 699, 709). When the judge participates in *ex parte* communications with the jury, a rebuttable presumption of error is created. *Id.*

Admittedly in one note, the jury merely asked the court to see certain exhibits presented by the State[2]. In *Grayson v. State* (1992) Ind.App., 593 N.E.2d 1200, this court concluded that the trial court is not compelled to grant a request when the jury merely requests to rehear testimony without indicating any disagreement as to that evidence. *Id.; See also, Jones v. State* (1995) Ind.App., 656 N.E.2d 303, 307, *trans. denied (infra, n. 2).*

■ However, we choose to follow our more recent decision in *State v. Winters,* (1997) Ind.App., 678 N.E.2d 405. In *Winters,* the court aptly questioned "why a jury that was in agreement as to the testimony at issue would request to hear it." 678 N.E.2d at 411. We agree that, when a jury requests that it be given the opportunity to rehear testimony or see exhibits for a second time, the jury is expressing disagreement or confusion about that evidence, sufficient to trigger application of I.C. 34-1-21-6, unless the circumstances surrounding the request indicate otherwise.

■ Anglin asserts that the jury's first note expressed a desire to be informed as to a point of law, i.e. the definition of "commitment paper." We have noted that "the proper procedure", when a jury seeks to be informed as to a point of law, "is for the court to call the jury into open court in the presence of the parties ... and to reread all instructions given prior to their deliberations, without emphasis on any of them and without further comment." *Jones, supra,* 656 N.E.2d at 307. A failure to follow the above procedure is reversible error only upon a showing of prejudice. *Id.*

■ Anglin asserts that prejudice resulted because the juror's "confusion about the applicable law was manifest from the content of the note in the context of the defense the jury had just heard." Appellant's Brief at 11. The note simply asked for a definition of commitment paper. The proper procedure would be to reread the jury instructions. However, as the State points out, the jury instructions do not address the term "commitment paper." It appears to this court

1. Anglin points out in his brief that the trial court judge had twice been admonished on appeal by our Supreme Court as to the proper procedure regarding communications to the jury. Appellant's Br. at 13 (citing *Alexander v. State* (1983) Ind., 449 N.E.2d 1068 and *Denton v. State* (1983) Ind., 455 N.E.2d 905). While we are sure that the trial judge appreciates Anglin's constructive criticism, we do not see how it assists this court in determining whether the error, if any, was prejudicial.

2. In *Jones v. State* (1995) Ind.App., 656 N.E.2d 303, 307, *trans. denied,* this court stated: "Jury requests to review exhibits are not within the scope of I.C. 34-1-21-6." The discussion following the statement clarified our meaning that the statute did not apply *in that case* because the jury request did not indicate that there was any disagreement among the jurors as to the testimony relating to the note. While our intent was otherwise, we acknowledge that the above-quoted statement may be interpreted as authority for the proposition that requests to review exhibits are *never* within the scope of the statute. We note that such would, of course, be an incorrect statement of the law.

that to reread the instructions would have been futile, and certainly a failure to reread them did not prejudice the defendant.

As noted above, a presumption of prejudice arises when the court participates in *ex parte* communications with the jury. However, we have also held, "[w]hen the trial judge merely responds to a jury question by denying their request, any inference of prejudice is rebutted and the error, if any, is harmless." *Marsillett, supra*, 495 N.E.2d at 709; *see also, Johnson v. State* (1996) Ind.App., 674 N.E.2d 180, *trans. denied*. This statement, if taken as an absolute, is too broad. Certainly, the jury's confusion or disagreement may be so critical as to lead to an erroneous verdict or result in the inability to reach any verdict. In such instance, refusal of an appropriate request would not dispel the presumed prejudice. Here, however, we discern no prejudice to Anglin by reason of the jury's ignorance as to a precise legal definition of "commitment." Such could not undermine the correctness of the habitual offender determination.

■ The jury's second note asked to see certain exhibits, exhibits 12 and 13. While the record shows that the exhibits were entered into evidence, it is unclear how they were published to the jury. It appears that both documents contained fingerprint cards which were used by a subsequent witness to identify Anglin. Exhibits 10 and 11, which the jury did not ask to see again (both were read out loud to the jury), contained evidence that Anglin had been subject to two prior felony convictions. As such, because the habitual offender determination is clearly supported by documents to which the jury exhibited no disagreement or uncertainty, the error of the trial court, if any, in not informing Anglin about the jury's note, is harmless.

The judgment of the trial court is hereby affirmed.

KIRSCH and ROBERTSON, JJ., concur.