**William S. STURMA, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 77A04–9604–CR–144.

Court of Appeals of Indiana.

July 11, 1997.

John D. Bodine, Sullivan, for Appellant–Defendant.

Pamela Carter, Attorney General, Michael K. Ausbrook, Deputy Attorney General, Indianapolis, for Appellee.

1. Ind.Code 9–30–5–1(a).

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant-Appellant William S. Sturma (Sturma) appeals his conviction of operating a motor vehicle with a blood alcohol content of ten hundredths percent (.10%) or greater, a Class C misdemeanor.[1]

We affirm.

### ISSUES

Sturma presents the following re-stated and consolidated issues:

1. Whether the admission of certain evidence violated Sturma's constitutional rights.

2. Whether the trial court abused its discretion in ruling on events that occurred during jury deliberations.

3. Whether the trial court abused its discretion in allowing certain testimony on cross-examination.

### FACTS AND PROCEDURAL HISTORY

On October 15, 1995, Sturma was drinking at an establishment in Shelburn, Indiana. Sturma's actions while in the establishment prompted the bartender to call the Sullivan County Sheriff's Department. Bryan Kinnett, a Sullivan County deputy sheriff, and Thomas Lahay, a conservation officer with the Department of Natural Resources, responded to the call. The officers asked Sturma to step outside with them, where they had a conversation which lasted approximately ten minutes and was video taped by a recording system in the police car. During this conversation Kinnett asked Sturma to go home and not to drive. Sturma assured the officers that he had called his wife and was waiting for her to pick him up.

Kinnett and Lahay then left the establishment. However, they parked their car not far away, with a view of the parking lot. They then returned to the parking lot when they saw a car moving which they later iden-

tified as Sturma's car. Kinnett used his car to block Sturma's from exiting the lot. Sturma then got out of his car and was arrested. Within an hour of the arrest Sturma was given a breathalyser test showing a blood alcohol content of .10%.

Sturma was charged by information on October 18, 1995, with operating a vehicle with a blood alcohol content of .10% or greater. The jury trial began on December 19, 1995, and the jury found Sturma guilty two days later. Sturma then brought this timely appeal. Additional facts will be provided as needed.

## DISCUSSION AND DECISION

### I. Motion to Suppress

▮ Sturma first questions whether the trial court erred by denying his motion to suppress and admitting certain evidence at trial. He claims that his detention and arrest were unlawful, and therefore, the evidence was not admissible. Our standard of review in this area is well-settled. The admissibility of evidence is within the sound discretion of the trial court, and "[t]he decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in denial of a fair trial." *Spires v. State*, 670 N.E.2d 1313, 1315 (Ind.Ct.App.1996). In determining admissibility of evidence, the reviewing court will only consider that evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Reaves v. State*, 586 N.E.2d 847, 857 (Ind. 1992) (quoting *Russell v. State*, 460 N.E.2d 1252, 1254 (Ind.Ct.App.1984)). Additionally, a claim of error for admitting or excluding evidence cannot be brought unless a substantial right of the party is affected, and a specific and timely objection and offer of proof was made to preserve the error for review. Ind.Evidence Rule 103(a); *Carter v. State*, 634 N.E.2d 830, 833 (Ind.Ct.App.1994); *Borkholder v. State*, 544 N.E.2d 571, 574 (Ind.Ct.App.1989) (holding that this rule applies to constitutional errors as well).

On December 15, 1995, Sturma filed a motion to suppress statements made by him from the time he was detained, observations made by the police officers at that time, and the results of any sobriety tests administered. He challenged the evidence on the grounds that the detention and following arrest were without probable cause, and therefore, a violation of his Fourth Amendment rights. Pursuant to a hearing on the matter, the trial court denied Sturma's motion to suppress the evidence. During the trial Sturma made no objections to the evidence at issue on the constitutional grounds he asserts on appeal. He did object to the admission of the results of a sobriety test which was offered, but that objection was based on the lack of an adequate foundation.

▮ As stated above, for us to review the admission of evidence a specific and timely objection must be made to preserve the error for review. Evid.R. 103(a). The trial court's denial of a motion to suppress is not sufficient to preserve the error. *Poulton v. State*, 666 N.E.2d 390, 393 (Ind.1996). "Where a defendant fails to object to the introduction of evidence, makes only a general objection, or objects only on other grounds, the defendant waives the suppression claim." *Moore v. State*, 669 N.E.2d 733, 742 (Ind.1996), *reh'g denied*. Sturma did not object during trial to the evidence at issue on the basis of a violation of his Fourth Amendment rights due to lack of probable cause; therefore, the issue was not properly preserved for review. We will not question the trial court's decision to deny the motion to suppress and admit the evidence.

### II. Jury Deliberations

According to the transcript of proceedings,[2] after the jury retired for deliberation they requested to see again the video tape labeled as State's Exhibit # 1. The video tape requested was of the officer's conversation with Sturma which was recorded from Kinnett's car. They also wanted to listen to the audio tape made in court of the testimony

---

**2.** Copies of the written correspondence between the judge and jury as well as Sturma's objection to the jury's request, motion for mistrial, and the court's order on the matter have been excluded

from the record. Therefore, we must rely solely on the transcript of the court's discussion of the matter with the attorneys.

of one of the witnesses. Sturma objected to allowing the jury to review either tape on the grounds that the jury did not state that they were in disagreement about the testimony. The court agreed with the defense, finding that the jury did not express a disagreement of the content of the testimony, but decided to allow the jury to re-view the video tape due to the fact that it was labeled as an exhibit and the jury already had access to all other exhibits.[3]  Once the court overruled Sturma's objection to the video tape, Sturma withdrew his objection to the replaying of the witness's testimony. The judge then brought the jury back into open court and played both the video tape and the audio tape for the jury. After the jury returned to its deliberations, Sturma moved for a mistrial due to the fact that the audio tape did not pick up pertinent parts of the witness's testimony. Sturma's motion was denied.

### A.  Jury's Review of the Video Tape

The correct procedure for answering questions of law raised by the jury after deliberations have begun is set forth in Ind.Code 34–1–21–6:

> After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

Ind.Code 34–1–21–6.[4]  The parties agree that this statute does not apply because the jury did not express a disagreement over an item of testimony.[5]

■  Since the mandatory language of Ind.Code 34–1–21–6 does not apply in this case, the decision to replay testimony is within the discretion of the trial court. *Kiner v. State,* 643 N.E.2d 950, 955 (Ind.Ct.App.1994), *reh'g denied; Grayson v. State,* 593 N.E.2d 1200, 1206 (Ind.Ct.App.1992).

> The trial judge must conduct the proceedings in a manner that facilitates ascertainment of the truth, insures fairness, and obtains economy of time and effort commensurate with the rights of both society and the criminal defendant. . . .  Although this Court has been liberal in allowing the jury to rehear portions of the evidence, there are limitations on the trial court's discretion. For example, trial courts may not allow the jury to review the testimony of an entire trial.

*James v. State,* 613 N.E.2d 15, 23–24 (Ind. 1993).  While the trial court has considerable discretion in determining what the jury may take with it to the jury room at the beginning of deliberations, that discretion is somewhat more limited in the situation where the jury interrupts its deliberations to request material to review. *Harris v. State,* 659 N.E.2d 522, 526 (Ind.1995); *Powell v. State,* 644 N.E.2d 855, n. 6 (Ind.1994).

■  In the present case, the judge did not give the jury the video tape at the beginning of deliberations, but allowed them to view it in open court once deliberations had commenced.  It is clear that the court could have given the jury the video tape at the beginning of deliberations. *See Harris,* 659 N.E.2d at 526 (holding it was proper for jury to have defendant's video taped confession

---

**3.** Although the video tape was played for the jury during the trial, it was never formally introduced into evidence.  This problem will be addressed later in our discussion.

**4.** In *Jones v. State,* we held that a jury's request to review exhibits is not within the scope of Ind.Code 34–1–21–6.  656 N.E.2d 303, 307 (Ind. Ct.App.1995), *trans. denied.*  However, we recently recognized in *Anglin v. State,* 680 N.E.2d 883, 885 n. 2 (Ind.Ct.App. 1997), that the holding in *Jones* was case specific and that to state that requests to review exhibits are never within the scope of the statute would be an incorrect statement of law.

**5.** Recently we have held that "when a jury requests that it be given the opportunity to rehear testimony or see exhibits for a second time, the jury is expressing disagreement or confusion about that evidence, sufficient to trigger application of I.C. 34–1–21–6, unless the circumstances surrounding the request indicate otherwise." *Anglin,* 680 N.E.2d at 885. Therefore the jury's request here could have fallen under Ind.Code 34–1–21–6. However, the trial judge here determined from the surrounding circumstances that there was no disagreement, and this determination prevented the application of the statute, not the fact that the jury wanted to review an exhibit rather than testimony.

during deliberations, and that the judge could later send back a tape player so that the jury could access the exhibit). However, it is a slightly different situation when the evidence is not given to the jury at the beginning of deliberations.

In *Lawson v. State*, 664 N.E.2d 773 (Ind.Ct.App.1996), *trans. denied*, we reenforced the court's discussion in *Powell*, that:

> it would be perfectly proper for a trial court to replay for the jury in open court either tapes of testimony or tapes that have been admitted into evidence, but that providing the jury with items after deliberation has begun, and not monitoring the use of the items, constituted error. However, the court in *Powell* specifically noted that its holding was limited to cases in which additional materials were provided to the jury following the onset of deliberation.

*Lawson*, 664 N.E.2d at 777 (citing *Powell*, 644 N.E.2d 855). Here we do have a situation where additional material was provided to the jury following the onset of deliberation. However, the court monitored the use of the video tape by playing it for the jury in open court. This is the process suggested, not only in Ind.Code 34–1–21–6, but also in *Lawson* and in *Powell*, both cases where the jury did not specifically express that they were in disagreement about the evidence they wished to review. *Lawson*, 664 N.E.2d 773; *Powell*, 644 N.E.2d 855. Therefore, we do not find that the trial court abused its discretion in replaying the testimony for the jury in open court.

There is one more issue raised with regard to the video tape exhibit, and that is that although it was shown to the jury at trial without objection, it was never formally offered and admitted into evidence. When the jury requested to see the tape again during deliberations, Sturma objected on the grounds that the jury did not express a disagreement as to the evidence and that, therefore, there is no statutory authority. Sturma did not object on the grounds that the video tape had never been actually admitted into evidence during the trial as an exhibit.

We noted the well-established rule that a party may not fail to object to a court's action and then raise the court's action as error on appeal unless the error is fundamental. The fundamental error doctrine allows the reviewing court to bypass the normal rules of appellate procedure and, in so doing, to disregard the sound judicial policy underlying that procedure. *James*, 613 N.E.2d at 25. Because Sturma did not properly object to the court's actions, we must find that allowing the jury to review the video tape was fundamental error in order to reverse.

Fundamental error is an error that is such a substantial and blatant violation of basic principles that it renders the trial unfair. *Hackney v. State*, 649 N.E.2d 690, 693 (Ind.Ct.App.1995), *trans. denied*. "To fall within this exception error must be such that if not rectified it would deny the defendant fundamental due process." *Palmer v. State*, 640 N.E.2d 415, 422 (Ind.Ct.App.1994), *trans. denied*. Whether or not an error is fundamental and affects the defendant's substantial rights is determined by assessing the probable impact the evidence had on the jury. *Craig v. State*, 630 N.E.2d 207, 211(Ind.1994); *Bolin v. State*, 634 N.E.2d 546, 550 (Ind.Ct.App.1994).

In his brief, Sturma does not show how the re-viewing of the tape by the jury during deliberations affected his substantial rights or denied him fundamental due process. Given that the jury had already seen the brief tape once before, without objection, and that it had been treated as an admitted exhibit by all parties throughout the trial, we do not find that the trial court committed fundamental error in allowing the jury to review the tape.

B. Jury's Review of Incomplete Testimony

In Sturma's next argument he makes many contentions with no factual or legal support in an attempt to establish that his fundamental rights were violated by allowing the jury to review a tape of a witness's testimony which was incomplete. Although Sturma claims that his rights have been violated, he offers no statutory or case law support for his position. Indiana Appellate Rule 8.3 requires the appellant to sup-

port each contention with an argument, including citations to the authorities, statutes, and record for support. Ind.Appellate Rule 8.3(A)(7). Failure of a party to present a cogent argument in his brief is considered a waiver of that issue. *Quick v. State,* 660 N.E.2d 598, 601 (Ind.Ct.App.1996), *reh'g denied; Bryant v. State,* 660 N.E.2d 290, 300 (Ind.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213.

The trial court has great discretion when ruling on a motion for a mistrial. This is due to the fact that it is in the best position to gauge the surrounding circumstances of the event and its impact on the jury. Therefore, the trial court's decision is given great deference on appellate review. *Norcutt v. State,* 633 N.E.2d 270, 272 (Ind.Ct.App.1994).

> To prevail upon appeal from the denial of a motion for mistrial, the defendant must show that the conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. The defendant must also demonstrate that no lesser curative measure would have remedied the perilous situation in which he was placed.

*Agnew v. State,* 677 N.E.2d 582, 583–584 (Ind.Ct.App.1997), *trans. denied.*

Sturma did not present any legal support or analysis which would allow us to find that the incomplete tape placed him in a position of grave peril which could not be remedied by a lesser curative measure. Therefore, given the high standard of review, we will not interfere with the trial court's discretion here in denying the motion for mistrial.

### III. Scope of Cross-examination

■ The final issue that Sturma raises for our review is whether the trial court erred in allowing a certain line of questioning during his cross-examination. The scope of cross-examination is again within the sound discretion of the trial court and we will re-

verse only upon an abuse of that discretion. *Palmer,* 640 N.E.2d at 424. Generally, cross-examination must be directed toward issues raised upon direct examination. However, "it is well settled that the scope of permissible cross-examination extends to all phases of the subject matter covered in direct examination and is not limited to those parts specifically included in the direct examiner's questions." *Lycan v. State,* 671 N.E.2d 447, 456 (Ind.Ct.App.1996) (quoting *Talley v. State,* 400 N.E.2d 1167, 1171 (Ind. Ct.App.1980)).[6]

■ During direct examination Sturma testified in detail about his activities on October 15, 1995, as well as his position as the Town Marshal of Shelburn. On cross-examination Sturma was asked about the investigations he had carried out as Town Marshal that day. (R. 845). Clearly this is within the scope of the direct examination.

However, Sturma does not argue that the trial court erred in allowing the testimony, but that it decided the matter based on a mis-understanding of the law. Upon Sturma's objection to the State's line of questioning, the court stated that the State didn't have to stay within the scope of direct examination on cross-examination. (R. 845). Sturma claims that this shows that the ruling was based on impermissible reasons or considerations, and therefore, reversible error. We disagree. As shown above, the trial court has the discretionary power to allow the cross-examination to exceed the scope of the direct examination, therefore the court's statement does not show a clear abuse of discretion.

### CONCLUSION

Sturma did not preserve his objection to the admission of evidence at trial to allow an appeal of the court's denial of his motion to suppress; therefore, we will not review the

---

6. Furthermore, in *Jones v. State,* 600 N.E.2d 544 (Ind.1992), our supreme court held that "if the court, in exercising its discretion, permits evidence to be introduced during re-direct examination for the first time, this will not constitute reversible error unless the opposing party is prevented from further questioning the witness on the subject and from presenting other evidence to contradict the testimony if it is prejudicial to his case." *Id.,* at 547. This rule would be applicable to cross-examination as well as re-direct examination. Even if the trial court was found to be in error, Sturma's attorney did conduct a re-cross examination, and Sturma has not shown any prejudice which would require a reversal.

trial court's decision to allow the evidence. The trial court did not abuse its discretion in allowing the jury to review an exhibit in open court when no objection was made on the basis that the tape was not properly admitted into evidence. Neither did the trial court abuse its discretion in allowing the State to further explore Sturma's activities on the day of his arrest on cross-examination. Based on the foregoing, we find no basis on which to grant Sturma the relief that he seeks.

Affirmed.

STATON, J., concurs.

GARRARD, J., concurs with separate opinion.

GARRARD, Judge, concurring

I concur with the majority. I would, however, go one step further in the application of Indiana Code § 34–1–21–6. One of the axioms of appellate review is that if the trial court is correct for any reason it will be affirmed. Here the court asked the jury if they were in disagreement concerning the tape and received a noncommittal answer, probably because the jury over interpreted the intended meaning of disagreement. I wholly agree with the decision in *Anglin v. State*, 680 N.E.2d 883 (Ind. Ct.App.1997) and, accordingly, would simply hold that the request itself established "disagreement" within the meaning of the statute.